UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 16-80501-CIV-MARRA

CAROLINA THOMAS

    Plaintiff,

vs.

TYCO INTERNATIONAL MANAGEMENT COMPANY, LLC

    Defendant
_____/

## **SCOTT M. BEHREN, P.A.'s NOTICE OF AND MOTION FOR CHARGING LIEN**

Scott M. Behren, P.A. ("Behren") hereby file their Notice of and Motion for Charging Lien in this matter and states as follows:

1.    The undersigned law firms has represented the Plaintiff in this action since its inception.

2.    The undersigned law firms seeks to assert a charging lien in this matter to recover all fees and costs incurred in this matter.

3.    The undersigned law firms also seeks to assert a retaining lien for all costs incurred by this office that have not been paid to date as agreed to by the Plaintiff in his retainer agreement signed with this office.

**Legal Memorandum**

A charging lien is an equitable right to have costs and fees due to an attorney for services in a suit secured to him in the event of a recovery in that suit. *Sinclair, Louis, Siegel, et. al. v. Baucom*, 428 So.2d 1383, 1384 (Fla. 1983); *Baker & Hostetler, LLP v. Swearingen*, 998 So.2d 1158 (Fla. 4th DCA 2009); *Flynn v. Sarasota County Public Hospital*, 169 F. Supp.2d 1363 (M.D. Fla. 2001). Charging liens have been recognized in Florida for more than a century and are dictated by common law. *Id.* In order for a charging lien to be imposed, there must be a contract between the attorney and the client either written or express. *Id*. There must also be an understanding, express or implied, between the parties that payment is either dependent upon recovery or that payment will come from recovery. Finally, the remedy is available where there has been an attempt to avoid the payment of legal fees or costs. *Id.* There are no requirements for perfecting a charging lien beyond timely notice. *Id.* As to the notice requirements, the only real requirement is that the attorney seeking the charging lien notifies the client of the intend to seek such a lien prior to the conclusion of the case (either it being reduced to judgment or dismissed pursuant to settlement). *Levine v. Gonzalez*, 901 So.2d 969 (Fla. 4th DCA 2005).

In this case clearly all of the requirements of a charging lien under Florida law have been satisfied. First, the undersigned had a valid written contingency fee agreement with the Plaintiff in which she agreed to pay a contingency fee to the undersigned and all reasonable costs incurred as they were charged. Second, based upon the nature of the contingency fee agreements signed by the Plaintiff, she understood that Behren's fees

were going to be paid from the proceeds of any settlement in her case. Finally, by bringing this Motion, Behren has timely notified the Plaintiff of their claims prior to resolution of this matter by Final Judgment or settlement.

## Conclusion

WHEREFORE, based upon the foregoing, the undersigned respectfully requests that Scott M. Behren, P.A.'s Motion for Charging Lien be granted and for any and all other relief that this Court deems just and proper under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been e-mailed this 25 day of June 2018 to: Cathleen Scott, Esq., 250 South Central Blvd., Suite 104-A, Jupiter, FL 33458 and Kevin Zwetsch, Esq., Ogletree Deakins, et. al, 100 North Tampa Street, Suite 3600, Tampa, FL 33602.

> Behren Law Firm
> 2893 Executive Park Drive, Suite 110
> Weston, FL 33331
> (954) 636-3802
> (772) 252-3365 - fax
> scott@behrenlaw.com
>
> By_/Scott M. Behren/
>     Scott M. Behren
>     Fla. Bar No. 987786

.