IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 16-80501-CIV-MARRA

CAROLINA THOMAS,

    Plaintiff,

v.

TYCO INTERNATIONAL MANAGEMENT
COMPANY, LLC.

    Defendant.

_____/

## PLAINTIFF'S MOTION TO STRIKE NOTICE OF CHARGING LIEN

Plaintiff, Carolina Thomas, by and through her undersigned counsel, hereby files this Motion to Strike Scott M. Behren, P.A.'s Notice of and Motion for Charging Lien and states as follows:

### I. Background.

On June 25, 2018, Scott M. Behren, P.A. filed a notice of and motion for charging lien against Plaintiff [DE 81].

In September 2014, Plaintiff Thomas engaged the Scott M. Behren, P.A.'s firm services. The legal services included representation in an unemployment matter and discussion and consultation related to her termination. The firm's services began September 4, 2014 until Mr. Behren was terminated by Ms. Thomas on March 5, 2015. Curiously, Mr. Behren filed a charging lien in this action over 3.5 years since his representation of Thomas.

In the present action, Ms. Thomas filed her lawsuit on April 2, 2016 (D.E. 1). Mr. Behren was not involved in the preparation for the lawsuit and has not provided assistance to Ms. Thomas in this case. Mr. Ray Fay has represented Ms. Thomas since April 2015 in connection with the bringing of this lawsuit and in connection with her pre-suit filings before U.S. Department of Labor (DOL), the National Labor Relations Board (NLRB), and the Securities Exchange Commission (SEC).

Prior to Mr. Fay's representation, Mr. Behren was engaged to represent Ms. Thomas as it related to her claims for unemployment compensation. Ms. Thomas agreed to pay a sum certain to Mr. Behren for this work, and asked only that Mr. Behren send her an invoice.  Unfortunately, Mr. Behren did not send an invoice to Ms. Thomas for this work and instead waited to file a charging lien over three years later. A charging lien for unemployment and post separation work is not the proper basis of a charging lien in this action.

 Upon receipt of the Notice of Lien, Thomas requested from Behren his invoice and was provided one showing 6.8 hours of work. (**See invoice attached hereto as Exhibit "A"**).

Work was limited to unemployment and post termination consulting. The relationship ended following a dispute over the scope. The following emails are instructive:

> From: carolinathomas@hotmail.com
> To: scott.behren@gmail.com
> Subject: RE: Tyco Case
> Date: Thu, 5 Mar 2015 23:40:45 -0500
> Scott,
> As I told you I have not received any settlement from Tyco and this is something that can be corroborated with the OSHA office.

> I would like to withdraw the current agreement and pay out your representation for the unemployment appeal as you mentioned it would be $500.
> You have not engaged in my whistleblower representation and neither on my OSHA and/or NLRB cases and if you will in the future, I would like to enter a new separate agreement for that. We agreed that I was going to handle by myself the claims with both OSHA and NLRB and will only engage you if I decide to go to Court.
>
> Thank you,
> Carolina

Again Ms. Thomas wrote on Friday April 17, 2015

> On Fri, Apr 17, 2015 at 12:45 PM, Carolina Thomas <carolinathomas@hotmail.com> wrote:
>
> I cancel my contract with you. I sent you an e-mail that you never confirmed and it was delivered.

Mr. Behren responded with:

> Date: Fri, 17 Apr 2015 12:51:35 -0400
> Subject: Re: Tyco Case
> From: scott.behren@gmail.com
> To: carolinathomas@hotmail.com
> CC: scott@behrenlaw.com
> On what basis? I have a charging lien for my services so far, I assume you settled your case with Tyco? If you wish to cancel the contract you signed with me, you can pay me for my time so far which is 6 hours at $400 per hour. What you have been doing is not right. You sign a contract with me and then are trying to hide what is going on.
> Scott Behren

In his email, Behren agreed to 6 hours which is less than he is now seeking. More importantly, the work provided by Behren to Thomas was not related to this case; therefore, Scott M. Behren, P.A. has no right to assert a charging lien in this case. This Court has no basis to enforce a charging lien for these strangers to this action.

**II.    Scott M. Behren, P.A. Has No Right To A Charging Lien In This Case.**

According to the law of the Eleventh Circuit, federal courts apply state law when determining whether an attorney has a valid charging lien. *Gottlieb v. GC Fin. Corp.,* 97 F.Supp.2d 1310, 1311 (S.D.Fla.1999) ("Federal courts, although they recognize no common-law lien in favor of attorneys, give effect to the laws of the states in which they are held."); *see Zaklama v. Mount Sinai Med. Ctr.,* 906 F.2d 650, 652 (11th Cir.1990) ("The rights and obligations of parties to a contract, which provides attorney's fees upon the happening of a contingency, are governed by state law.").

Florida law provides that a charging lien is an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit. *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A., v. Baucom, et al.*, 428 So. 2d 1383 (Fla. 1983); *Worley v. Phillips,* 264 So.2d 42 (Fla. 2d DCA 1972). Charging liens have been recognized in Florida for more than a century. *See, e.g., Carter v. Davis,* 8 Fla. 183 (1858); *Carter v. Bennett,* 6 Fla. 214 (1855); *Randall v. Archer,* 5 Fla. 438 (1854). The requirements for perfection of this lien are not statutorily imposed. *Nichols v. Kroelinger,* 46 So.2d 722 (Fla.1950); *St Ana v. Wheeler Mattison Drugs, Inc.,* 129 So.2d 184 (Fla. 3d DCA), *cert. denied,* 133 So.2d 646 (Fla.1961). Rather, the requirements have developed in case law which has delineated the equitable nature of the lien. In order for a charging lien to be imposed, there must first be a contract between the attorney and the client. *Billingham v. Thiele,* 107 So.2d 238 (Fla. 2d DCA 1958), *cert. dismissed,* 109 So.2d 763 (Fla. 1959). The contract may be express, *Alyea v. Hampton,* 112 Fla. 61, 150 So. 242 (1933), or implied, *Greenfield Villages; Scott v. Kirtley,* 113 Fla. 637, 152 So. 721 (1933).

Central to the issues here, it is not enough to support the imposition of a charging lien that an attorney has provided his services; ***the services must, in addition, produce a positive judgment or settlement for the client, since the lien will only attach to the tangible fruits of the services***. [Emphasis Added]; *Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A.*, 517 So. 2d 88 (Fla. 3rd DCA 1987). *Rudd v. Rudd,* 960 So. 2d 885, 887 (Fla. 4th DCA 2007); *Mitchell v. Coleman,* 868 So.2d 639, 641 (Fla. 2d DCA 2004); cited by *Montpellier Farm, Ltd v. Crane Envtl., Inc.*, 07-22815-CIV, 2009 WL 722238 (S.D. Fla. Mar. 18, 2009) *Monpellier Frams Ltd v. Crain*. To recover on the charging lien Mr. Behren and his firm must establish that their services contributed to the recovery by the Plaintiff *in this action.* It is not enough to support the imposition of a charging lien that the claimants had provided services, the services also needed to produce a positive judgment or settlement for the client, since the lien could attach only to the tangible fruits of the services.

Here, it is undisputed that neither Scott M. Behren, P.A. nor Mr. Behren appeared as counsel in this case; they did not participate in this litigation for any purpose; and, the "services" of the firm did not contribute to or produce any recovery.

Accordingly, the only attorneys who could assert a charging lien in this case are the undersigned. The Behren firm and Mr. Behren are nothing more than strangers to this case whose lien must be stricken as their services did not "produce a positive judgment or settlement for the client." *Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A.*, 517 So. 2d 88 (Fla. 3rd DCA 1987). *Rudd v. Rudd,* 960 So. 2d 885, 887 (Fla. 4th DCA 2007); *Mitchell v. Coleman,* 868 So.2d 639, 641 (Fla. 2d DCA 2004).

In *Hogben v. Wyndham Int'l, Inc.,* 2007 WL 2225970 (S.D.Fla. Aug. 1, 2007), Magistrate Torres was referred a series of motions related to a charging lien filed by attorney Peter Capua who sought to impose a charging lien on proceeds of a settlement in a case in which Capua was not counsel of record and had not rendered services. Capua had represented Mr. Hogben on a contingent fee basis in a series of state court cases related to the unauthorized use of photographic images. Mr. Hogben was represented in a series of federal cases, including the Wyndham case, by attorney Jones related to the similar unauthorized use of photographic images. Ultimately, the settlement of the federal cases became dependent upon the dismissal of the state court cases. Capua, after being instructed to do so by Mr. Hogben, dismissed the state court cases with prejudice with no settlement or judgment being recovered. Thereafter, in an effort to protect his claimed fees incurred in the related state court cases and claiming that his services there aided in the settlement of the federal cases, Capua filed a charging lien in the Wyndham federal case and sought to recover the fees incurred in connection with related state court cases.

Magistrate Judge Torres engaged in a lengthy analysis of several issues of import to this case and which militate in favor of the same result here. Magistrate Torres found that Capua (1) did not establish that his fees claimed in the state court cases were contingent on the results of the federal cases; (2) was not counsel of record in the Wyndham case; (3) did not participate or render professional services in the Wyndham case; and, (4) his services did not produce or contribute to the settlement in the Wyndham case. As a result, Magistrate Torres concluded that Capua was not entitled to assert a charging lien in the Wyndham case and he granted the motion to strike the

charging lien. *Hogben v. Wyndham Int'l, Inc.,* 2007 WL 2225970, at page 7 (S.D.Fla. Aug. 1, 2007).

Here, the same result is required. Scott Behren and his firm cannot establish that the claimed fees were contingent on the results of this case. It did not render services to the Plaintiff in connection with this case.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter an Order striking the Charging Lien of Scott M. Behren, P.A. and to enter any and all other relief this Court deems just and proper under the circumstances.

### Rule 7.1(A)(3)(a) Pre-Filing Conference

WE HEREBY CERTIFY that, prior to the filing of this Motion, the undersigned spoke with Mr. Behren in an effort to resolve this matter and was unable to do so. The undersigned also reach out to the opposing counsel and was unable to obtain his position. Mr. Behren, the "party" in opposition objects to the filing of this Motion.

### CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served by electronic filing on July 16, 2018 on all counsel or parties of record on the Service List below.

> s/Cathleen Scott
> Cathleen Scott, Esq.
> Florida Bar No. 135331
> Primary e-mail: CScott@scottwagnerlaw.com
> Secondary e-mail: mail@scottwagnerlaw.com
> SCOTT WAGNER & ASSOCIATES, P.A.
> Jupiter Gardens
> 250 South Central Boulevard
> Suite 104-A
> Jupiter, FL 33458
> Telephone:   (561) 653-0008
> Facsimile:     (561) 653-0020
> Secondary Address:  101 Northpoint Parkway
> West Palm Beach, FL 33407

          www.ScottWagnerLaw.com

          Raymond C. Fay, Esq.
          Email: rfay@faylawdc.com
          FAY LAW GROUP PLLC
          1250 Connecticut Avenue NW
          Suite 700
          Washington, DC 20036
          Telephone: (202) 263-4604
          Facsimile: (202) 261-3508
          www.faylawdc.com

### SERVICE LIST
### Case No. 16-80501-CIV-MARRA

Kevin D. Zwetsch, FL Bar # 962260
kevin.zwetsch@ogletreedeakins.com
Dee Anna D. Hays, FL Bar # 64790
deeanna.hays@ogletreedeakins.com
Ina Crawford , Florida Bar No. 117663
ina.crawford@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, FL 33602
Telephone: 813.289.1247
Facsimile: 813.289.6530
Secondary Emails: elba.chinea@ogletreedeakins.com
lauren.blair@ogletreedeakins.com
tamdocketing@ogletreedeakins.com

Scott M. Behren
Fla. Bar No. 987786
Behren Law Firm
2893 Executive Park Drive, Suite 110
Weston, FL 33331
(954) 636-3802
(772) 252-3365 - fax
scott@behrenlaw.com